UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VINOD LALL,

                Plaintiff,

    -against-

QATAR AIRWAYS Q.C.S.C.,

                Defendant.
------------------------------------------------------------x

**Civil Docket No. 21-cv-5387**

**PLAINTIFF'S COMPLAINT & JURY TRIAL DEMAND**

       The Plaintiff, VINOD LALL, by his attorneys, KREINDLER & KREINDLER LLP, as and for his Complaint against Defendant, QATAR AIRWAYS Q.C.S.C., (hereinafter "QATAR"), alleges the following upon information and belief:

       1.     The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1331, insofar as a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (the "Montreal Convention").

       2.     This Court maintains specific personal jurisdiction over the Defendant in this matter pursuant to F.R.C.P. Rule 4(k)(2), insofar as the Defendant has a significant business presence within the State of New York, has availed itself of the benefits of doing business in the State of New York, and a sufficient relationship exists between Defendant's presence in the forum state and Plaintiff's claim for damages such that the maintenance of suit here does not offend traditional notions of fair play and substantial justice.

       3.     Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391, insofar as Plaintiff's flight itinerary originated and terminated at John F. Kennedy International Airport in the Eastern District of New York.

4. Plaintiff, VINOD LALL, is a resident of the State of New York.

5. Defendant, QATAR, is a foreign corporation authorized to do business in the State of New York, with an office located at 350 Fifth Avenue, Suite 7630, New York, New York 10118.

6. Defendant, QATAR, is a common carrier engaged in the business of transporting passengers for hire by air.

7. On October 7, 2019, Plaintiff, VINOD LALL, was traveling on an international itinerary from John F. Kennedy International Airport in New York, New York to Sri Guru Ram Dass Jee International Airport in Amritsar, India, with a connecting flight at Hamad Muhammed International Airport in Doha, Qatar.

8. On October 7, 2019, Defendant, QATAR, operated and controlled a certain aircraft, designated as Qatar Airways flight 702 (the "subject aircraft"), from New York, New York to Doha, Qatar (the "subject flight").

9. On October 7, 2019, Plaintiff, VINOD LALL, was a fare-paying passenger lawfully ticketed to fly aboard the subject flight.

10. On October 7, 2019, the subject flight was conducted on an aircraft owned, leased, operated, staffed, or otherwise controlled by the Defendant, QATAR.

11. On October 7, 2019, Defendant, QATAR, was responsible for the service, maintenance, inspection, and repair of the subject aircraft.

12. On October 7, 2019, Defendant, QATAR, was responsible for the training, management, supervision, and control of its crew members aboard the subject flight, including but not limited to the crew's adherence to standard safety policies and protocol.

13. On October 7, 2019, while seated aboard the subject aircraft during the subject flight, Plaintiff, VINOD LALL, was injured as the result of an accident.

14. Specifically, shortly after landing in Doha, a piece of heavy luggage fell from the overhead compartment and struck Plaintiff on his head and and right shoulder, causing him to become injured.

15. Plaintiff's injuries resulted from an accident pursuant to Article 17 of the Montreal Convention, insofar as his injuries were caused by an unexpected or unusual event or occurrence external to him, and not by his own internal reaction to the normal operation of the aircraft.

16. As a result of the aforesaid accident, Plaintiff, VINOD LALL, was injured.

17. As a result of the aforesaid accident, Plaintiff, VINOD LALL, was seriously injured.

18. As a result of the aforesaid accident, Plaintiff, VINOD LALL, was permanently injured.

19. As a result of the aforesaid accident, Plaintiff, VINOD LALL, suffered great pain, agony and mental anguish, and in the future shall continue to suffer from same.

20. As a result of the aforesaid accident, Plaintiff, VINOD LALL, suffered great economic loss and in the future shall continue to suffer from same.

21. As a result of the aforesaid accident, Plaintiff, VINOD LALL, was forced to expend great sums of money on medical treatment and in the future shall continue to expend sums of money on same.

22. As a result of the aforesaid accident, Plaintiff, VINOD LALL, was deprived of his enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

23. As a result of the foregoing, Defendant, QATAR, is liable to pay full, fair and reasonable damages to Plaintiff, VINOD LALL, pursuant to the Montreal Convention.

24. Defendant, QATAR, cannot meet its burden of proving that its negligence did not cause or contribute to the aforesaid accident and the resulting injuries to Plaintiff, VINOD LALL.

25. Defendant, QATAR, cannot meet its burden of proving that the injuries suffered by Plaintiff, VINOD LALL, were caused solely by the acts of third parties.

WHEREFORE, Plaintiff, VINOD LALL, hereby demands judgment against Defendant, QATAR AIRWAYS Q.C.S.C., in an amount to be determined at trial, together with interest, costs and disbursements of this action.

### JURY DEMAND

Plaintiff demands a jury of eight (8) persons for all claims stated.

Dated: September 28, 2021
New York, New York

KREINDLER & KREINDLER LLP

*/s/ Erin R. Applebaum*
_____
Erin R. Applebaum (EA9785)
*Attorneys for Plaintiff*
750 Third Avenue, 32nd Floor
New York, New York 10017
Tel. (212) 973-3430
eapplebaum@kreindler.com